## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

|  |  |
|---|---|
| **LAVITA MARIE JEWELL,** ) | |
| ) | **Civil Action No.  3:15-cv-00237** |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **GREAT LAKES EDUCATION LOAN** ) | **JURY TRIAL DEMANDED** |
| **SERVICES, INC., EQUIFAX** ) | **NON-ARBITRATION** |
| **INFORMATION SERVICES LLC,** ) | |
| **and GATESTONE & CO.** ) | |
| **INTERNATIONAL, INC.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## COMPLAINT

### PRELIMINARY STATEMENT

1.      This is an action for damages brought by an individual consumer, LaVita Marie
Jewell, against the Defendants for violations of the Fair Credit Reporting Act ("hereafter the
FCRA"), 15 U.S.C. §§ 1681, *et seq.* as amended, the Fair Debt Collection Practices Act, 15
U.S.C. § 1692, *et seq.* (hereafter the "FDCPA") and the Wisconsin Consumer Act (hereafter
"WCA").

### JURISDICTION & VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 15 U.S.C § 1692k(d)
and 28 U.S.C. § 1331. Supplemental jurisdiction exists for Plaintiff's state law claims pursuant to
28 U.S.C § 1367.

3.      Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

4.     Plaintiff LaVita Marie Jewell is an adult individual residing in Belleview, Florida.

5.     Defendants Great Lakes Education Loan Services, Inc. ("Great Lakes") is a business entity which regularly conducts business in the Western District of Wisconsin and which has a principal place of business located at 2401 International Ln., Madison, WI 53704. The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

6.     Defendant Equifax Information Services, LLC ("Equifax") is a business entity that regularly conducts business in the Western District of Wisconsin, and which has a principle place of business located at  1550 Peachtree Street NE, Atlanta, GA 30309.

7.     Defendant Gatestone & Co. International, Inc. ("Gatestone") is a business entity that regularly conducts business in Western District of Wisconsin, and which has a principal place of business located at 455 N. 3rd Street, Suite 260, Phoenix, AZ 85004.  The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

## FACTUAL ALLEGATIONS

8.     Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (the "inaccurate information").

9.     The inaccurate information includes, but is not limited to, accounts with Great Lakes and Gatestone for a student loan that was opened as a result of identity theft.

2

10.     Further, at all pertinent times hereto, Great Lakes and Gatestone were hired to collect a debt that related to the inaccurate information that was in default at the time they were hired to collect of said debt.

11.     The alleged debt at issue being collected upon by Great Lakes and Gatestone arose out of a transaction which was primarily for personal, family or household.

12.     At all times material hereto, Plaintiff does not and has never owed a debt to Gatestone or Great Lakes.

13.     Both Gatestone and Great Lakes have been contacting Plaintiff by calling Plaintiff and through collection or dunning letters.

14.     After becoming aware of the collection activities described above, Plaintiff promptly contacted both Gatestone and Great Lakes to inform both entities that the debt was the result of identity theft, provided both entities with documentation to support her claim of identity theft including but not limited to an identity theft report, and requested the both entities discontinue their collection activities.

15.     Notwithstanding the above, both Gatestone and Great Lakes ignored Plaintiff's admonitions and continued to engage in collection activities against Plaintiff with the intent to annoy, abuse and harass Plaintiff.

16.     Great Lakes further has been engaging in collection activity against Plaintiff in connection with the debt by reporting the account to the credit reporting agencies Experian, Equifax and TransUnion (previous abbreviated as "inaccurate information").

17.     The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness.

The inaccurate information consists of accounts and/or tradelines for which the Plaintiff has no responsibility and which are believed to be the result of fraud.

18.     Defendant Equifax has been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

19.     Plaintiff has disputed the inaccurate information with Equifax to its representatives by following Equifax's established procedures for disputing consumer credit information.  With one or more of Plaintiff's disputes, Plaintiff has provided a proper identity theft report to Equifax pursuant to 15 U.S.C. § 1681a(q)(4).

20.     Plaintiff has disputed the inaccurate information with Equifax from August 2014 through the present.

21.     Notwithstanding Plaintiff's efforts, Equifax has sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Equifax continues to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.  Equifax has repeatedly published and disseminated consumer reports to such third parties from at least August 2014 through the present.

22.     Despite Plaintiff's efforts, Equifax has never:  (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted all third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information; and (5) performed any handwriting analysis.

4

23.     Notwithstanding Plaintiff's disputes, Great Lakes as the furnisher of the inaccurate information, has also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, has willfully continued to report such inaccurate information to various credit reporting agencies, and has failed to mark the above account as disputed.

24.     Despite Plaintiff's exhaustive efforts to date, Defendants Equifax, Great Lakes and Gatestone have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable investigations/reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

25.     Defendant Gatestone and Great Lakes knew or should have known that its actions violated the FCRA, FDCPA and/or Wisconsin Consumer Act.  Additionally, these Defendants could have taken the steps necessary to bring its agent's actions within compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

26.     As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

27.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

28.     At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

### COUNT I – EQUIFAX
### VIOLATIONS OF THE FCRA

29.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

30.     At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

31.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

32.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

33.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681c-2, 1681e(b) and 1681i.

34.     The conduct of the Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT II – GREAT LAKES
## VIOLATIONS OF THE FCRA

35.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

36.     At all times pertinent hereto Defendant was a "person" as that term defined by 15 U.S.C. § 1681a(b).

37.     At all times pertinent hereto Defendant was a "furnisher" as that term is used in 15 U.S.C. § 1681s-2(b).

38.     Defendant violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

39.     Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

## COUNT III – GREAT LAKES AND GATESTONE
## VIOLATIONS OF THE FDCPA

40.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

41.     Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

42.     Plaintiff is a "consumer" defined by 15 U.S.C. § 1692a(3) of the FDCPA.

43.     The above contacts between Defendants and Plaintiff, disputes by Plaintiff and the reporting of inaccurate information to credit reporting agencies by Defendants are "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

44.     Any alleged debts at issue arose out of a transaction which was primarily for personal, family or household purposes.

45.     Defendants violated the FDCPA. Defendants' violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(3), 1692c(b), 1692e(2)(A), 1692e(8), 1692e(10), and 1692f, as evidenced by the following conduct:

(a) Communicating with a non-debtor on more than one occasion;

(b) Communicating with any person other than the consumer in connection with collection of the debt;

(c) The false representation of the amount, character, or legal status of the debt;

(d) The use of false, deceptive, or misleading representation or means in connection with the collection of any debt;

(e) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed; and

(f) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect any debt.

46.     Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay monies relating to the inaccurate information.

8

47.     As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## COUNT IV - GREAT LAKES
## VIOLATIONS OF THE WCA

48.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

49.     Defendant is a "debt collector" as defined by Wis. Stats. § 427.103(3) of the WCA.

50.     Defendant violated the WCA.  Defendant's violations include, but are not limited to, violations of Wis. Stats. § 427.104(1)(c), 427.104(1)(e), and 427.104(1)(g) and 427.104(1)(h) as evidenced by the following conduct:

> (a)     Disclosing information adversely affecting the customer's reputation for credit worthiness with knowledge or reason to know that the information is false;
>
> (b)     Disclosing information to a person other than the customer or the customer's spouse;
>
> (c)     Communicating with the customer with such frequency or at such unusual hours or in such a manner as can reasonably be expected to threaten or harass the customer; and
>
> (d)     Engaging in other conduct which can be reasonably be expected to threaten or harass the customer.

51.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

52.     As a result of the above violations of the WCA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory, actual, and treble damages.

## JURY TRIAL DEMAND

33.     Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a)     Actual damages;

(b)     Statutory damages;

(c)     Punitive damages;

(d)     Costs and reasonable attorney's fees; and

(e)     Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,
**LAVITA MARIE JEWELL**

By:   __s/ Larry P. Smith_____
Attorney for Plaintiff

Dated: April 21, 2015

Larry P. Smith (Atty. No.: 6217162)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:   (312) 324-3532
Facsimile:   (888) 418-1277
E-Mail:       lsmith@smithmarco.com