## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

LAVITA MARIE JEWELL,

          Plaintiff,                     Case No. 3:15-cv-00237

    v.

GREAT LAKES EDUCATION LOAN
SERVICES, INC., EQUIFAX INFORMATION
SERVICES LLC and GATESTONE & CO.
INTERNATIONAL, INC.,

          Defendants.

## ANSWER TO COMPLAINT AND
## AFFIRMATIVE AND OTHER DEFENSES

Defendant, Great Lakes Education Loan Services, Inc. ("Defendant"), by and through its attorneys, Michael Best & Friedrich LLP, hereby answers and responds to the Complaint of Plaintiff, LaVita Marie Jewell ("Plaintiff"), as follows and asserts the following affirmative and other defenses:

### PRELIMINARY STATEMENT

1.    This is an action for damages brought by an individual consumer, LaVita Marie Jewell, against the Defendants for violations of the Fair Credit Reporting Act ("hereafter the FCRA"), 15 U.S.C. §§ 1681, *et seq.* as amended, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter the "FDCPA") and the Wisconsin Consumer Act (hereafter "WCA").

ANSWER:    Defendant states that the allegations in Paragraph 1 contain descriptive material to which no response is required.  To the extent that a response is required, Defendant admits that Plaintiff alleges that Defendant violated the FCRA, FDCPA, and WCA, but denies that there is any factual or legal basis for the claims alleged or the relief sought, and further denies that Plaintiff is entitled to any relief.

## JURISDICTION & VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 15 U.S.C § 1692k(d) and 28 U.S.C. § 1331. Supplemental jurisdiction exists for Plaintiff's state law claims pursuant to 28 U.S.C § 1367.

ANSWER:      Defendant admits the allegations in Paragraph 2.

3.      Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

ANSWER:      Defendant admits the allegations in Paragraph 3.

## THE PARTIES

4.      Plaintiff LaVita Marie Jewell is an adult individual residing in Belleview, Florida.

ANSWER:      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and therefore denies.

5.      Defendants Great Lakes Education Loan Services, Inc. ("Great Lakes") is a business entity which regularly conducts business in the Western District of Wisconsin and which has a principal place of business located at 2401 International Ln., Madison, WI 53704. The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

ANSWER:      Defendant admits only that it is a business entity which regularly conducts business in the Western District of Wisconsin and which has a principle place of business located at 2401 International Ln., Madison, WI 53704.   Except as specifically admitted, Defendant denies the remaining allegations in Paragraph 5.

6.      Defendant Equifax Information Services, LLC ("Equifax") is a business entity that regularly conducts business in the Western District of Wisconsin, and which has a principle place of business located at 1550 Peachtree Street NE, Atlanta, GA 30309.

ANSWER:      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore denies.

7.      Defendant Gatestone & Co. International, Inc. ("Gatestone") is a business entity that regularly conducts business in Western District of Wisconsin, and which has a principal place of business located at 455 N. 3rd Street, Suite 260, Phoenix, AZ 85004.  The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 7 and therefore denies.

## FACTUAL ALLEGATIONS

8.     Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (the "inaccurate information").

ANSWER:     Defendant denies the allegations in Paragraph 8 related to any alleged

activity by or on behalf of Great Lakes.  Defendant lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in Paragraph 8 and therefore denies.

9.     The inaccurate information includes, but is not limited to, accounts with Great Lakes and Gatestone for a student loan that was opened as a result of identity theft.

ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 9 and therefore denies.

10.    Further, at all pertinent times hereto, Great Lakes and Gatestone were hired to collect a debt that related to the inaccurate information that was in default at the time they were hired to collect of said debt.

ANSWER:     Defendant denies the allegations in Paragraph 10 related to any alleged

activity by or on behalf of Great Lakes.  Defendant lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in Paragraph 10 and therefore denies.

11.    The alleged debt at issue being collected upon by Great Lakes and Gatestone

arose out of a transaction which was primarily for personal, family or household.

ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 11 and therefore denies.

12.    At all times material hereto, Plaintiff does not and has never owed a debt to Gatestone or Great Lakes.

ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 12 and therefore denies.

13.     Both Gatestone and Great Lakes have been contacting Plaintiff by calling Plaintiff and through collection or dunning letters.

ANSWER:     Defendant admits that it has contacted Plaintiff via telephone and mail. Except as specifically admitted, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 and therefore denies.

14.     After becoming aware of the collection activities described above, Plaintiff promptly contacted both Gatestone and Great Lakes to inform both entities that the debt was the result of identity theft, provided both entities with documentation to support her claim of identity theft including but not limited to an identity theft report, and requested the both entities discontinue their collection activities.

ANSWER:     Defendant admits that Plaintiff contacted Great Lakes regarding an alleged identity theft but denies that adequate and complete information was provided to support her claim of identity theft.   Except as specifically admitted, Defendant denies the remaining allegations as they relate to Great Lakes.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 and therefore denies.

15.     Notwithstanding the above, both Gatestone and Great Lakes ignored Plaintiff's admonitions and continued to engage in collection activities against Plaintiff with the intent to annoy, abuse and harass Plaintiff.

ANSWER:     Defendant states that the allegations in Paragraph 15 state legal conclusions that do not require a response.  To the extent a response is required, Defendant denies the allegations in Paragraph 15 related to any alleged activity by or on behalf of Great Lakes.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 and therefore denies.

16.     Great Lakes further has been engaging in collection activity against Plaintiff in connection with the debt by reporting the account to the credit reporting agencies Experian, Equifax and TransUnion (previous abbreviated as "inaccurate information").

ANSWER:     Defendant denies the allegations in Paragraph 16.

17.     The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness. The inaccurate information consists of accounts and/or tradelines for which the Plaintiff has no responsibility and which are believed to be the result of fraud.

ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 17 and therefore denies.

18.     Defendant Equifax has been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 18 and therefore denies.

19.     Plaintiff has disputed the inaccurate information with Equifax to its representatives by following Equifax's established procedures for disputing consumer credit information. With one or more of Plaintiff's disputes, Plaintiff has provided a proper identity theft report to Equifax pursuant to 15 U.S.C. § 1681a(q)(4).

ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 19 and therefore denies.

20.     Plaintiff has disputed the inaccurate information with Equifax from August 2014 through the present.

ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 20 and therefore denies.

21.     Notwithstanding Plaintiff's efforts, Equifax has sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Equifax continues to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. Equifax has repeatedly published and disseminated consumer reports to such third parties from at least August 2014 through the present.

ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 21 and therefore denies.

22.     Despite Plaintiff's efforts, Equifax has never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted all third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the

inaccurate information; (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information; and (5) performed any handwriting analysis.

ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 22 and therefore denies.

23.     Notwithstanding Plaintiff's disputes, Great Lakes as the furnisher of the inaccurate information, has also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, has willfully continued to report such inaccurate information to various credit reporting agencies, and has failed to mark the above account as disputed.

ANSWER:     Defendant denies the allegations in Paragraph 23.

24.     Despite Plaintiff's exhaustive efforts to date, Defendants Equifax, Great Lakes and Gatestone have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable investigations/reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

ANSWER:     Defendant states that the allegations in Paragraph 24 state legal

conclusions that do not require a response.  To the extent a response is required, Defendant

denies the allegations in Paragraph 24 related to any alleged activity by or on behalf of Great

Lakes.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of

the remaining allegations in Paragraph 24 and therefore denies.

25.     Defendant Gatestone and Great Lakes knew or should have known that its actions violated the FCRA, FDCPA and/or Wisconsin Consumer Act. Additionally, these Defendants could have taken the steps necessary to bring its agent's actions within compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

ANSWER:     Defendant states that the allegations in Paragraph 25 state legal

conclusions that do not require a response.  To the extent a response is required, Defendant

denies the allegations in Paragraph 25 related to any alleged activity by or on behalf of Great

Lakes. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 and therefore denies.

26.      As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

ANSWER:      Defendant states that the allegations in Paragraph 26 state legal conclusions that do not require a response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and therefore denies.

27.      At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

ANSWER:      Defendant states that the allegations in Paragraph 27 state legal conclusions that do not require a response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies.

28.      At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

ANSWER:      Defendant states that the allegations in Paragraph 28 state legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 28 related to any alleged activity by or on behalf of Great Lakes. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 and therefore denies.

## COUNT I – EQUIFAX
## VIOLATIONS OF THE FCRA

29.      Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

ANSWER:    Defendant incorporates by reference all of its answers to the above paragraphs of the Complaint as though fully stated herein.

30.    At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

ANSWER:    Defendant states that the allegations in Paragraph 30 state legal conclusions that do not require a response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore denies.

31.    At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

ANSWER:    Defendant states that the allegations in Paragraph 31 state legal conclusions that do not require a response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and therefore denies.

32.    At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

ANSWER:    Defendant states that the allegations in Paragraph 32 state legal conclusions that do not require a response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and therefore denies.

33.    Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681c-2, 1681e(b) and 1681i.

ANSWER:    Defendant states that the allegations in Paragraph 33 state legal conclusions that do not require a response.  To the extent a response is required, Defendant lacks

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and therefore denies.

34.     The conduct of the Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

ANSWER:     Defendant states that the allegations in Paragraph 34 state legal conclusions that do not require a response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and therefore denies.

## COUNT II – GREAT LAKES
## VIOLATIONS OF THE FCRA

35.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

ANSWER:     Defendant incorporates by reference all of its answers to the above paragraphs of the Complaint as though fully stated herein.

36.     At all times pertinent hereto Defendant was a "person" as that term defined by 15 U.S.C. § 1681a(b).

ANSWER:     Defendant states that the allegations in Paragraph 36 state legal conclusions that do not require a response.  To the extent a response is required, Defendant admits the allegations in Paragraph 36.

37.     At all times pertinent hereto Defendant was a "furnisher" as that term is used in 15 U.S.C. § 1681s-2(b).

ANSWER:     Defendant states that the allegations in Paragraph 37 state legal conclusions that do not require a response.  To the extent a response is required, Defendant admits the allegations in Paragraph 37.

38.     Defendant violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

ANSWER:     Defendant states that the allegations in Paragraph 38 state legal conclusions that do not require a response.  To the extent a response is required, Defendant denies the allegations in Paragraph 38.

39.     Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

ANSWER:     Defendant states that the allegations in Paragraph 39 state legal conclusions that do not require a response.  To the extent a response is required, Defendant denies the allegations in Paragraph 39.

## COUNT III – GREAT LAKES AND GATESTONE
## VIOLATIONS OF THE FDCPA

40.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

ANSWER:     Defendant incorporates by reference all of its answers to the above paragraphs of the Complaint as though fully stated herein.

41.     Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

ANSWER:     Defendant states that the allegations in Paragraph 41 state legal conclusions that do not require a response.  To the extent a response is required, Defendant denies that it is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41 and therefore denies.

42.     Plaintiff is a "consumer" defined by 15 U.S.C. § 1692a(3) of the FDCPA.

ANSWER:   Defendant states that the allegations in Paragraph 42 state legal conclusions that do not require a response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and therefore denies.

43.    The above contacts between Defendants and Plaintiff, disputes by Plaintiff and the reporting of inaccurate information to credit reporting agencies by Defendants are "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

ANSWER:   Defendant states that the allegations in Paragraph 43 state legal conclusions that do not require a response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and therefore denies.

44.    Any alleged debts at issue arose out of a transaction which was primarily for personal, family or household purposes.

ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and therefore denies.

45.    Defendants violated the FDCPA. Defendants' violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(3), 1692c(b), 1692e(2)(A), 1692e(8), 1692e(10), and 1692f, as evidenced by the following conduct:

(a)    Communicating with a non-debtor on more than one occasion;

(b)    Communicating with any person other than the consumer in connection with collection of the debt;

(c)    The false representation of the amount, character, or legal status of the debt;

(d)    The use of false, deceptive, or misleading representation or means in connection with the collection of any debt;

(e)    Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed; and

(f)    Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect any debt.

ANSWER:    Defendant states that the allegations in Paragraph 45 state legal conclusions that do not require a response.  To the extent a response is required, Defendant denies the allegations in Paragraph 45 related to any alleged activity by or on behalf of Great Lakes.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45 and therefore denies.

46.    Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay monies relating to the inaccurate information.

ANSWER:    Defendant states that the allegations in Paragraph 46 state legal conclusions that do not require a response.  To the extent a response is required, Defendant denies the allegations in Paragraph 46 related to any alleged activity by or on behalf of Great Lakes.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46 and therefore denies.

47.    As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

ANSWER:    Defendant states that the allegations in Paragraph 47 state legal conclusions that do not require a response.  To the extent a response is required, Defendant denies the allegations in Paragraph 47 related to any alleged activity by or on behalf of Great Lakes.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47 and therefore denies.

## COUNT IV - GREAT LAKES
## VIOLATIONS OF THE WCA

48.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

ANSWER:    Defendant incorporates by reference all of its answers to the above paragraphs of the Complaint as though fully stated herein.

49.     Defendant is a "debt collector" as defined by Wis. Stats. § 427.103(3) of the WCA.

ANSWER:     Defendant states that the allegations in Paragraph 49 state legal conclusions that do not require a response.  To the extent a response is required, Defendant denies the allegations in Paragraph 49.

50.     Defendant violated the WCA. Defendant's violations include, but are not limited to, violations of Wis. Stats. § 427.104(1)(c), 427.104(1)(e), and 427.104(1)(g) and 427.104(1)(h) as evidenced by the following conduct:

(a)     Disclosing information adversely affecting the customer's reputation for credit worthiness with knowledge or reason to know that the information is false;

(b)     Disclosing information to a person other than the customer or the customer's spouse;

(c)     Communicating with the customer with such frequency or at such unusual hours or in such a manner as can reasonably be expected to threaten or harass the customer; and

(d)     Engaging in other conduct which can be reasonably be expected to threaten or harass the customer.

ANSWER:     Defendant states that the allegations in Paragraph 50 state legal conclusions that do not require a response.  To the extent a response is required, Defendant denies the allegations in Paragraph 50.

51.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

ANSWER:     Defendant states that the allegations in Paragraph 51 state legal conclusions that do not require a response.  To the extent a response is required, Defendant denies the allegations in Paragraph 51.

52.     As a result of the above violations of the WCA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory, actual, and treble damages.

ANSWER:   Defendant states that the allegations in Paragraph 52 state legal conclusions that do not require a response.  To the extent a response is required, Defendant denies the allegations in Paragraph 52.

## JURY TRIAL DEMAND

53.   Plaintiff demands trial by jury on all issues so triable.

ANSWER:   Defendant states that the allegations in Paragraph 53 contain descriptive material to which no response is required.  To the extent that a response is required, Defendant admits that Plaintiff has demanded a trial by jury on all issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant submits the following affirmative and other defenses without conceding that such defenses are actually affirmative defenses or that Defendant has the burdens of persuasion or proof:

1.   Plaintiff's Complaint and each remaining claim for relief therein fails to state facts sufficient to constitute a claim for relief.

2.   Plaintiff fails to state facts sufficient to constitute a claim for relief.

3.   Plaintiff's claims are barred by any applicable statutes of limitations or repose.

4.   Plaintiff has failed to plead her claims with the requisite particularity.

5.   Plaintiff has suffered no damages.

6.   At all relevant times herein, Plaintiff's alleged damages, which Defendant denies exist, were aggravated by the failure of Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of his failure to mitigate alleged losses.

7.   Defendant is not a debt collector under the FDCPA as provided in 15 U.S.C. § 1692a(6)(F)(iii).

8.     Defendant is not a debt collector under the WCA as provided in Wis. Stats. § 427.103(3).

9.     Plaintiff's claims under the WCA are pre-empted by federal law.

10.    Any damages that Plaintiff may have suffered, which Defendant continues to deny, directly and proximately resulted from Plaintiff's conduct.  Therefore, Plaintiff is estopped and barred from pursuing the claims alleged in the Complaint against Defendant and from recovery of any damages whatsoever as against Defendant.

11.    By her conduct, Plaintiff has waived his right, if any, to pursue the claims alleged in the Complaint, and has waived any right to damages or relief, a purported right that Defendant continues to deny, under the Complaint.

12.    If Plaintiff has suffered or will suffer any damages as alleged in the Complaint, such damages have been and will be proximately caused, in whole or in part, by the negligent, willful, or tortious acts or omissions and comparative fault of Plaintiff, which acts or omissions equal or exceed any alleged wrongdoing by Defendant and which bar or diminish any recovery by Plaintiff from Defendant.

13.    If Plaintiff has suffered or will suffer any damages as alleged in the Complaint, such damages have been and will be proximately caused, in whole or in part, by the negligent, willful, or tortious acts or omissions and comparative fault of persons or entities over whom Defendant had no control, and for whose conduct Defendant is not responsible, which bars or diminishes any recovery by Plaintiff against Defendant.

14.    Plaintiff's alleged damages, which Defendant continues to deny, were not caused by Defendant, but by an independent intervening cause.

15.     Plaintiff's claims are barred, as against Defendant, because all alleged acts of Defendant in the Complaint are privileged.

16.     The Complaint and each claim for relief therein is barred by laches.

17.     The Complaint and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

18.     Because Plaintiff brings this lawsuit in bad faith and for the purpose of harassment, Defendant is entitled to collect its attorneys' fees and costs pursuant to 15 U.S.C. §1692k(a)(3).

19.     Inasmuch as Plaintiff's Complaint does not describe the alleged underlying claims with sufficient particularity to enable Defendant to determine all of its legal, contractual and equitable rights, Defendant reserves the right to amend and supplement the allegations of the Answer to Complaint and Affirmative and Other Defenses to assert any and all pertinent defenses ascertained through further investigation and discovery in this action.

WHEREFORE, Great Lakes Educational Loan Services, Inc. demands judgment as follows:

A.     Dismissing Plaintiff's Complaint against Great Lakes Educational Loan Services, Inc. on the merits and with prejudice;

B.     An award of any attorneys' fees, costs and disbursements incurred in defending against this action; and

C.     Any other relief this Court deems just and equitable.

Dated this 26th day of May, 2015.

**MICHAEL BEST & FRIEDRICH LLP**

By:  /s/ Michelle L. Dama

        Michelle L. Dama, SBN 1041809
        Albert Bianchi, Jr., SBN 1056920
        Joseph D. Brydges, SBN 1079318
        One South Pinckney Street, Suite 700
        P.O. Box 1806
        Madison, WI  53701-1806
        Phone:  (608) 257-3501
        Fax:  (608) 283-2275
        Email:    mldama@michaelbest.com
                     abianchi@michaelbest.com
                     jdbrydges@michaelbest.com

Attorneys for Defendant
*Great Lakes Education Loan Services, Inc.*